**FORM 5. Petition for Review/Notice of Appeal of an Order or Decision of an Agency, Board, Commission, Office, Bureau, or the US Court of Federal Claims (vaccine appeals only))**    Form 5
                                                                                                                                                                                                                    March 2023

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## PETITION FOR REVIEW/NOTICE OF APPEAL

Notice is hereby given that the petitioner(s)/appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Originating Tribunal *(Name of Agency, Board, Commission, Office, Bureau, or Court whose decision is being appealed)*:   USPTO Trademark Trial and Appeal Board

Case number being appealed:   Cancellation No. 92074583

Case title being appealed:   GGB Industries, Inc. v. Chelsey Boll Mangum

Date of final decision or order being appealed:   06/30/2025

Date decision or order was received:   06/30/2025

☒ I have attached a copy of the decision or order being appealed.

**List all Petitioners/Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

GGB Industries, Inc.

Date: 09/02/2025

Signature: /s/ RiKaleigh Omosheyin

Name: RiKaleigh Omosheyin

Address: K&L Gates LLP

70 W. Madison Street, Suite 3300

Chicgao, IL 60602

Phone Number: (312) 807-4292

Email Address: RiKaleigh.Omosheyin@klgates.com

| | |
|---|---|
| THIS ORDER IS NOT A PRECEDENT OF THE TTAB | **UNITED STATES PATENT AND TRADEMARK OFFICE**<br>Trademark Trial and Appeal Board<br>P.O. Box 1451<br>Alexandria, VA  22313-1451<br>General Contact Number: 571-272-8500 |

jv

Mailed:  June 30, 2025

Cancellation No. 92074583

*GGB Industries, Inc.*

*v.*

*Chelsey Boll Mangum*

**Before Heasley, Dunn, and Thurmon,**
**Administrative Trademark Judges.**

**By the Board:**

This proceeding comes before the Board for consideration of Respondent's motion (filed December 26, 2024) for summary judgment. The motion is fully briefed.

The Board has considered the parties' briefs and arguments, presumes the parties' familiarity with the factual bases for their filings, and addresses the record only to the extent it deems warranted. *See Guess? IP Holder LP v. Knowluxe LLC*, Can. No. 92060707, 2015 TTAB LEXIS 482, at *5 (TTAB 2015).

### I.   Background

On June 4, 2020, Petitioner filed a petition to cancel Respondent's registrations for the marks *Picoprobe* for use with "Electronic apparatus for use in

Cancellation No. 92074583

microprobing" in International Class 9[1] and PICOPROBE in typeset form[2] for use with "Electrical probes for detection of electrical signals in a variety of applications" in International Class 9 as fraudulently obtained.[3] The applications underlying each registration were filed by Gregory George Boll as the owner of the marks.

On August 7, 2020, Respondent's counsel filed with the Board a notice of the death of Mr. Boll. 4 TTABVUE. On December 3, 2020, the Board granted Respondent's motion to substitute Chelsey Boll Mangum, the personal representative of the Estate of Gregory Boll, as the party defendant and suspended proceedings pending final disposition of a probate action between the parties in the Probate Division of the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida. 8 TTABVUE.

On February 7, 2023, Respondent and Petitioner each filed separate status filings with the Board stating that Petitioner's statement of claim in the probate action was stricken as untimely and that the probate court's decision was affirmed by the Second District Court of Appeal of Florida. 13, 14 TTABVUE. On February 27, 2023, proceedings before the Board were resumed. 15 TTABVUE.

On March 24, 2023, Respondent filed a motion for summary judgment based on the doctrine of claim preclusion and on the ground that Petitioner's claims are barred by Florida law. 16 TTABVUE.

---

[1] Registration No. 1534059 issued April 11, 1989. Renewed.

[2] Prior to November 2, 2003, "standard character" drawings were known as "typed" drawings. A typed or typeset mark is the legal equivalent of a standard character mark. TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) § 807.03(i) (May 2025).

[3] Registration No. 2717171 issued May 20, 2003. Renewed.

Cancellation No. 92074583

On July 21, 2023, the Board issued an order finding that the petition to cancel failed to plead any legally sufficient, cognizable, and timely claim. Petitioner was provided leave to file an amended petition to cancel to properly plead grounds of fraud or abandonment. 21 TTABVUE 6.[4] Respondent's motion for summary judgment was therefore denied as moot. *Id.* at 7.

On August 14, 2023, Petitioner filed an amended petition to cancel asserting fraud as the sole ground for cancellation. 22 TTABVUE.

On September 1, 2023, Respondent filed a motion to dismiss the amended petition to cancel for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment. 23 TTABVUE. Petitioner filed a response to the alternative motion for summary judgment on September 21, 2023; however, instead of filing a response to Respondent's motion to dismiss, Petitioner file a proposed second amended petition to cancel. 24-25 TTABVUE.

On February 1, 2024, the Board issued an order denying Respondent's motion to dismiss the first amended petition to cancel and accepting the second amendment to cancel as Petitioner's operative pleading in this proceeding. The order also denied as untimely Respondent's motion for summary judgment on any basis other than claim

---

[4] Citations to the record in this order are to TTABVUE, the Board's electronic docketing system. *See Turdin v. Trilobite, Ltd.*, Conc. No. 94002505, 2014 TTAB LEXIS 17, at *6 n.6 (TTAB 2014). The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry. The parties should cite to the record using TTABVUE throughout this proceeding. *Id.*

3

Cancellation No. 92074583

preclusion and denied Respondent's motion for summary judgment on the doctrine of claim preclusion. 31 TTABVUE 9, 16.

Petitioner's second amended petition to cancel Respondent's registrations alleges fraud as the sole ground for cancellation. 25 TTABVUE 8-10. In support of its entitlement to a statutory cause of action, Petitioner alleges ownership of pending Application Ser. No. 88875206 for the mark PICOPROBE in standard characters.[5] *Id.* at 7 (¶ 35). Petitioner alleges that its application "has been refused in view of Respondent's PICOPROBE Registrations." *Id.* at 7 (¶ 36). Attached to the second amended petition to cancel is a TSDR copy of Petitioner's application showing that it has been suspended. *Id.* at 98-101.

In its answer, Respondent denied the salient allegations in the petition to cancel and asserted six purported affirmative defenses. 32 TTABVUE.

On December 26, 2024, Respondent timely filed its third motion for summary judgment.

## II. Respondent's Motion for Summary Judgment

Respondent's motion seeks summary judgment on Petitioner's fraud claim.

### A. Summary Judgment Standard

Summary judgment is an appropriate method for disposing of cases in which there are no genuine disputes as to material facts, thus allowing resolution as a matter of law. *See* Fed. R. Civ. P. 56(a). A party moving for summary judgment has the burden of demonstrating the absence of any genuine dispute as to a material fact,

---

[5] Filed April 16, 2020.

4

Cancellation No. 92074583

and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Sweats Fashions, Inc. v. Pannill Knitting Co. Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987). A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the nonmoving party. *See Opryland USA Inc v. Great Am. Music Show Inc.*, 970 F.2d 847, 850 (Fed. Cir. 1992); *Olde Tyme Foods Inc v. Roundy's Inc.*, 961 F.2d 200, 202 (Fed. Cir. 1992).

Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325; *Copelands' Enters. Inc. v. CNV Inc.*, 945 F.2d 1563, 1565 (Fed. Cir. 1991). However, the burden of the nonmoving party to respond arises only if summary judgment is properly supported. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970). If the evidence produced in support of the summary judgment motion does not meet this burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* (quoting Fed. R. Civ. P. 56 advisory committee notes to the 1963 amendments).

The evidence of record on summary judgment must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences must be drawn from the undisputed facts in favor of the nonmoving party. *See Lloyd's Food Prods. Inc. v. Eli's Inc.*, 987 F.2d 766, 767 (Fed. Cir. 1993); *Opryland USA*, 970 F.2d at 850; *Bad*

5

...

Cancellation No. 92074583

*Boys Bail Bonds, Inc. v. Yowell,* Conc. Use No. 94002552, 2015 TTAB LEXIS 262, at *14 (TTAB 2015).

### B. Fraud

To prevail on its fraud claim, Petitioner must establish that Respondent knowingly made a false, material representation in the prosecution of its applications or maintenance of its registrations with the intent to deceive the USPTO. *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009).

Petitioner's claim is based on the allegation that Mr. Boll's statements in the two underlying applications that he was the owner of the PICOPROBE mark were false, Mr. Boll knew they were false, and the statements were made with the intent to deceive the USPTO. 25 TTABVUE 8-10.

Respondent argues that there is an absence of evidence demonstrating that Mr. Boll knew he was not the owner of the trademark and made the statements with the intent to deceive the USPTO. 37 TTABVUE 627. Respondent notes that there is no testimony from Mr. Boll nor the attorney that signed and filed the application for Registration No. 2717171 and no evidence of contemporaneous statements from which to discern Mr. Boll's knowledge or intent. *Id.* Respondent further argues that the evidence shows that the registrations have been publicly available, Mr. Boll never tried to hide the registrations and his ownership thereof, and that the specimens submitted with the applications and maintenance filings showed use "by GGB Industries Inc." *Id.* at 628-29. Respondent argues that Mr. Boll reasonably believed, even if mistakenly, that he owned the PICOPROBE mark. *Id.* at 628.

6

Cancellation No. 92074583

Petitioner argues that Mr. Boll had no interest in the unincorporated business that originated the PICOPROBE mark, Mr. Boll never sold products bearing the mark in his personal capacity, none of the other shareholders were aware of Mr. Boll's ownership of the trademark registrations, and Mr. Boll retained ownership of the registrations for ulterior motives. 43 TTABVUE 6-17. Specifically, with respect to ulterior motives, Petitioner argues that testimony from Jeffrey Meyerson, a friend and former employee of Mr. Boll, shows that Mr. Boll "registered the PICOPROBE Marks in the event Gregory Boll chose to sell the business or launch an independent venture." *Id.* at 4-5.

"[B]ecause direct evidence of deceptive intent is rarely available, such intent can be inferred from indirect and circumstantial evidence. But such evidence must still be clear and convincing, and inferences drawn from lesser evidence cannot satisfy the deceptive intent requirement." *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008). A challenger must point to evidence supporting an inference of deceptive intent to establish a fraud claim. *Bose*, 580 F.3d at 1246.

The record includes, as Respondent notes, the specimens submitted with the applications and maintenance filings showing use of the mark by GGB Industries Inc. 37 TTABVUE 302-05, 307-10, 313-14, 322, 332, 343-49, 359, 361, 377-80, 385-86, 396, 398, 417, 419-22, 434, 436-37. This shows that Respondent was not deliberately concealing that GGB Industries Inc. used and may have had an ownership interest in the mark. *See, e.g., Flame & Wax, Inc. v. Laguna Candles, LLC*, Can. No. 92072343, 2022 TTAB LEXIS 272, at *59 (TTAB 2022) (finding no intent to deceive the USPTO

7

Cancellation No. 92074583

where the registrant disclosed a prior application for the same mark that was determined unregistrable by an opposition proceeding). This evidence along with the fact that there is no testimony from Mr. Boll nor the attorney that filed the application that led to Registration No. 2717171 sufficiently discharges Respondent's burden by showing that there is an absence of evidence showing that Mr. Boll had the requisite intent to deceive the USPTO. *See Celotex Corp.*, 477 U.S. at 325

In response, the evidence Petitioner relies on to show Mr. Boll's intent to deceive the USPTO is a statement in the deposition testimony of Jeffrey Meyerson, who was "responsible for GGB's day-to-day operations." 43 TTABVUE 21-22. Contrary to Petitioner's arguments, the statement does not pertain to Mr. Boll's intent in registering or maintaining the registrations in his name. Rather, the testimony was in response to a question about why Mr. Boll did not assign the registrations to Petitioner.

> Q So, you think GGB was using it. Do you know if the trademark was assigned to GGB?
>
> A I don't believe it was.
>
> Q Do you know why?
>
> A You know, Greg and I had discussions about this on different occassions. I can't pinpoint any one of them per se, but, two things Greg liked (indiscernible) name. He liked the GGB.com. Those were his initials and he felt, you know, a three-letter domain had value. And he liked the PICOPROBE trademark in case he wanted to sell part of the business and continue with the PICOPROBE.
>
> So, it was always – as far as I recall, those things were always in Greg's name, but paid for by the company because the company was using them.

8

Cancellation No. 92074583

43 TTABVUE 304-05. Petitioner fails to explain how Mr. Boll's desire to maintain ownership of the PICOPROBE mark in the event that assets of the company were sold shows an intent to deceive the USPTO. And Mr. Meyerson cannot pinpoint when any conversations with Mr. Boll about the registrations took place. Thus, the testimony is not probative of Mr. Boll's intent to deceive the USPTO at the time of the applications or subsequent maintenance filings.

Accordingly, upon careful consideration of the parties' arguments and evidence, and drawing all reasonable inferences in favor of Petitioner as the nonmoving party, we find that Petitioner has failed to point to evidence showing a genuine dispute of material fact as to Mr. Boll's intent to deceive the USPTO. *See Bose*, 580 F.3d at 1243 (citing *King Auto., Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1011 n.4 (CCPA 1981)) ("[A]bsent the requisite intent to mislead the PTO, even a material misrepresentation would not qualify as fraud under the Lanham Act warranting cancellation."). *Compare Fuji Med. Instruments Mfg. Co. v. Am. Crocodile Int'l Grp., Inc.*, 2021 TTAB LEXIS 270, *47 (in addition to emails by Respondent claiming he owned the mark when he did not, and he knew that he did not, "the record of [Respondent's] conduct, his grossly evasive testimony, and his self-serving claims, taken as a whole, establish he intended to deceive the USPTO."). Inasmuch as proof of deceptive intent is an essential element of the fraud claim, Petitioner cannot succeed on the claim as a matter of law.

Cancellation No. 92074583

**Decision**

Respondent's motion for summary judgment is **granted**, and the petition to cancel is **denied**.